**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| URIEL CHARLAP,<br>10937 Pebble Run Drive<br>Silver Spring, Maryland 20902<br><br>*Plaintiff*,<br><br>v.<br><br>GEORGETOWN UNIVERSITY<br>LAW CENTER,<br>3700 O Street NW<br>Washington, D.C. 20057<br><br>*Defendant*. | Civil Action No. 1:26-cv-2800 |

# NOTICE OF REMOVAL


**GEORGETOWN UNIVERSITY**
*By Counsel*

John E. Thomas, Jr. (DC Bar No. 1049100)
**McGuireWoods LLP**
1750 Tysons Boulevard, Suite 1800
Tysons, Virginia 22102-4215
Tel: (703) 712-5000
Fax: (703) 712-5050
jethomas@mcguirewoods.com

Brandon K. Wharton (DC Bar No. 90022982)
**McGuireWoods LLP**
500 East Pratt Street, Suite 1000
Baltimore, Maryland 21202-3169
Tel: (410) 659-4400
Fax: (410) 659-4599
bwharton@mcguirewoods.com

Defendant Georgetown University ("Georgetown"),[1] pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, removes this action from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia. Removal is appropriate based on federal question jurisdiction because Plaintiff Uriel Charlap ("Charlap") asserts a claim under the Lanham Act, 15 U.S.C. § 1125, *et seq.* In support of this Notice of Removal and this Court's jurisdiction, Georgetown states as follows:

## I. PLEADINGS IN STATE COURT AND NATURE OF THE ACTION

1. On July 11, 2025, Charlap filed a Complaint against "Georgetown University Law Center" in the Superior Court of the District of Columbia.

2. The Complaint alleged causes of action for fraudulent misrepresentation, negligent misrepresentations, violations of the District of Columbia Consumer Protection Procedures Act, breach of contract, and unjust enrichment/implied-in-law contract/quasi-contract.

3. On February 5, 2026, the Superior Court granted in substantial part Georgetown's motion to dismiss the Complaint.

4. On July 20, 2026, the Superior Court granted Charlap leave to file an Amended Complaint.

5. The Amended Complaint, which was accepted as filed as of July 20, 2026, alleges causes of action for fraudulent misrepresentation (Count I), negligent misrepresentation (Count II), violations of the Lanham Act (Count III), breach of contract (Count IV), unjust enrichment/implied-in-law contract/quasi-contract (Count V), and promissory estoppel (Count VI).

---

[1] Charlap named "Georgetown University Law Center" as the Defendant in this action. Defendant's legal name is "Georgetown University."

6. Pursuant to 28 U.S.C. § 1446(a), "a copy of all process, pleadings, and orders" from the Superior Court action are attached hereto. *See* **Exhibits 2–45**.

## II. TIMELINESS OF REMOVAL

7. Under 28 U.S.C. § 1446(b)(3), a notice of removal "may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

8. The removal of this action is timely because the Superior Court accepted Charlap's Amended Complaint as filed on July 20, 2026. Georgetown therefore files this Notice of Removal within 30 days of the filing of the Amended Complaint.

## III. REMOVAL JURISDICTION

9. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, which provides that the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

10. Plaintiff's Complaint alleges a claim under 15 U.S.C. § 1125, *et seq*. *See* Am. Compl. at ¶¶ 130–47.

11. A suit filed in a state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. *See* 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331. A defendant may remove a case to federal court if "the plaintiff's complaint establishes that the case 'arises under' federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983) (emphasis omitted); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (stating that federal question jurisdiction is appropriate when it is presented on the face of plaintiff's well-pleaded complaint).

12. A case "arises under" federal law when the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd.*, 463 U.S. at 27–28. It is well established that a single claim over which federal question jurisdiction exists is sufficient for removal. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 563 (2005); *City of Chi. v. Int'l College of Surgeons*, 522 U.S. 156, 164–66 (1997).

13. Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over this action because Charlap's Lanham Act claim, and relief requested therein, require the interpretation and enforcement of federal law. Specifically, the resolution of this case requires the Court to interpret the Lanham Act and enforce any requirements and remedies therein. As such, this action is properly removable under 28 U.S.C. § 1441.

14. For these reasons, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, and the Complaint may be removed to this Court under 28 U.S.C. §§ 1441 and 1446.

15. The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) and 28 U.S.C. § 1441(c) over all state law claims asserted by Charlap. When a defendant removes a lawsuit that joins both federal and state law claims, the district court may exercise supplemental jurisdiction over the state law claims if those claims "form part of the same case or controversy." 28 U.S.C. § 1367(a).

16. Charlap's claims under the laws of the District of Columbia for fraudulent misrepresentation, negligent misrepresentation, breach of contract, unjust enrichment/implied-in-law contract/quasi-contract, and promissory estoppel derive from the same set of facts as his federal claim. Specifically, all of his claims arise out of his allegations about his pursuit of a Doctor of Juridicial Science (S.J.D.) degree at Georgetown University.

## IV. VENUE

17. For purposes of removal, the United States District Court for the District of Columbia is the proper venue because it is the federal district court that embraces the Superior Court for the District of Columbia, the forum in which Charlap filed the original action. *See* 28 U.S.C. §§ 88, 1441(a), 1446(a).

## V. NOTICE

18. Georgetown is filing a copy of this Notice of Removal (without exhibits) with the Superior Court of the District of Columbia as required by 28 U.S.C. § 1446(d). A true and correct copy of the Notice of Filing of Georgetown's Notice of Removal is attached hereto as **Exhibit 1**.

19. Pursuant to 28 U.S.C. § 1446(d), Georgetown is also serving a copy of its Notice of Removal upon Charlap.

## VI. MISCELLANEOUS

20. This action has not previously been removed to federal court.

21. Georgetown has not filed a responsive pleading to the Amended Complaint in the Superior Court.

22. No statement or omission in this notice shall be deemed an admission of any allegations or damages sought in the Complaint.

23. By filing this Notice of Removal, Georgetown does not waive any defenses, whether procedural or substantive, that may be available to it, including, but not limited to, any defenses available under Federal Rule of Civil Procedure 12(b).

## VII. CONCLUSION

For these reasons, the Court should take Notice that Georgetown removes this action to the United States District Court for the District of Columbia, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446.

**GEORGETOWN UNIVERSITY**
*By Counsel*

*/s/ John E. Thomas, Jr.*

John E. Thomas, Jr. (DC Bar No. 1049100)
**McGuireWoods LLP**
1750 Tysons Boulevard, Suite 1800
Tysons, Virginia 22102-4215
Tel: (703) 712-5000
Fax: (703) 712-5050
jethomas@mcguirewoods.com

Brandon K. Wharton (DC Bar No. 90022982)
**McGuireWoods LLP**
500 East Pratt Street, Suite 1000
Baltimore, Maryland 21202-3169
Tel: (410) 659-4400
Fax: (410) 659-4599
bwharton@mcguirewoods.com

**CERTIFICATE OF SERVICE**

I certify I filed the foregoing on August 7, 2026 via CM/ECF and served a copy via first-class mail on:

Uriel Charlap
10937 Pebble Run Drive
Silver Spring, Maryland 20902
(301) 814-7374
urielc88@gmail.com
*Pro Se Plaintiff*

*/s/ John E. Thomas, Jr.*

John E. Thomas, Jr. (DC Bar No. 1049100)
**McGuireWoods LLP**
1750 Tysons Boulevard, Suite 1800
Tysons, Virginia 22102-4215
Tel: (703) 712-5000
Fax: (703) 712-5050
jethomas@mcguirewoods.com